NEW YORK INVESTORS, INC., Plaintiff, *v.* MANHATTAN BEACH BATHING PARKS CORPORATION and Another, Defendants.

Supreme Court, Kings County, September 19, 1930.

*Cullen & Dykman* [*Jules Haberman* of counsel], for the plaintiff.

*Sayers Brothers* and *William Harvey Smith,* for the defendants.

HARRIS, J. The above-ent tled action was for specific perform ance, and after trial before me at Special Term in Kings county, judgment was granted to the plaintiff against both defendants.

On appeal the learned Appellate Division for the Second Department (229 App. Div. 593) reversed the judgment at Special Term and directed judgment for the defendants. Motion is now made before me as the trial judge for an extra allowance, under section 1513 of the Civil Practice Act, on the ground that the action was a difficult and extraordinary case.

Rule 200 of the Rules of Civil Practice (formerly rule 45 of the General Rules of Practice) provides as follows: " An application for an additional allowance can only be made to the court before which the trial is had or the judgment rendered, and in all cases shall be made before final costs are adjusted."

After the trial of this action, final costs were fixed, and final judgment was entered on my decision. The judgment to be entered on the reversal by the Appellate Division is not the judgment of the court before which the trial was had, and I am of the opinion that I have no power to grant an extra allowance, and that such power lies entirely with the Appellate Division to be exercised

before the judgment on its reversal is perfected. (Rules Civ. Prac. rule 200; *Kaumagraph Co.* v. *Stampagraph Co.*, 235 N. Y. 1.)

Therefore, the motion of the defendants is denied solely on the ground that I have no jurisdiction to entertain and dispose of the motion.